[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10652
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00549-WSD

MICHAEL KING,

Plaintiff – Appellant,

versus

ANTHONY LUMPKIN,
individual and in his official capacity as a
police officer for the City of Jonesboro, Georgia
and as a resource officer for Clayton County Public Schools,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 16, 2013)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Michael King appeals from the district court's final order

dismissing his complaint alleging claims under 42 U.S.C. § 1983, against Officer

Anthony Lumpkin, in Lumpkin's individual capacity and in his official capacity as a police officer for the City of Jonesboro and a resource officer for Clayton County Public Schools. On appeal, King argues that the district court erred in dismissing his § 1983 claims under the Voting Rights Act of 1965 ("VRA"), the Fourth Amendment, the Fourteenth Amendment, and the Fifteenth Amendment, as well as his state constitutional law claim. After thorough review, we affirm.

We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), taking as true the factual allegations in the complaint and construing them in the light most favorable to the plaintiff. Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Dismissal for failure to state a claim under Rule 12(b)(6) is proper if the factual allegations are not enough to raise a right of relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). We review a district court's decision to decline supplemental jurisdiction over state law claims for abuse of discretion. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). We also review the denial of a motion to amend a complaint for abuse of discretion. Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003).

The relevant background is this. On November 24, 2008, an ethics complaint was filed with the Clayton County Ethics Commission against King, an elected member of the Clayton County Board of Education (the "Board"). The

ethics complaint alleged violations of Georgia House Bill 1302, which was enacted "[t]o provide a code of ethics for the Clayton County School System; to provide for prohibited practices; to provide for disclosure; to provide for an ethics commission; . . . to provide for complaints; to provide for hearings and actions; to provide for sanctions; . . . and for other purposes." 2008 Ga. Laws 400, pmbl. ("House Bill 1302"). Among other things, House Bill 1302 prohibits any elected official of the Clayton County School System, including the Board, from representing "private interests in any action or proceeding against the school system or any office, department, or agency thereof." Id. § 2(a)(4).

On February 16, 2009, the Commission found that King had violated House Bill 1302 by: (1) representing a litigant in a suit against the Clayton County Public Schools and certain of its employees while he was a member of the Board; (2) failing to disclose a financial interest related to the operation of the Clayton County Public Schools; and, (3) filing a lawsuit in the Superior Court of Clayton County against the Clayton County Public Schools and Board asking the court to review the actions of the Board in censuring him for representing a party against the Board and for failing to disclose an adverse financial interest. The Commission ordered that King immediately be removed from his position as a Board member.

On February 23, 2009, King "appeared at the central office for the Clayton County Public Schools for the 7:00 p.m. school board meeting." Before the start of

3

the meeting, King claims that Officer Lumpkin physically removed him from his seat on the Board, escorted him out of the building, and directed him not to return to his seat until he appealed his removal by the Commission. King sued, alleging: (1) a § 1983 claim for false arrest and wrongful removal from the School Board meeting in violation of the Fourth Amendment; (2) two § 1983 claims for violations of the Fourteenth and Fifteenth Amendment, respectively, as a result of his removal from a Clayton County School Board meeting; and, (3) a § 1983 claim for violations of his "federal constitutional and statutory rights" as a result of Officer Lumpkin's enforcement of House Bill 1302, which King says was not precleared by the Department of Justice under Section 5 of the VRA. The district court dismissed King's complaint. This timely appeal follows.

First, we are unpersuaded by King's argument that the district court erred in granting qualified immunity to Lumpkin on the § 1983 claims. To establish a § 1983 claim, King must make a prima facie showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) the act or omission was done by a person acting under color of law. Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities, unless their conduct violates "clearly established statutory or constitutional rights of

4

which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quotation omitted). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation and citation omitted).

To be protected by qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Id. (quotation omitted). In order to determine whether the acts in question are discretionary acts protected by qualified immunity, we must look at "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). We agree with the district court that Officer Lumpkin was carrying out his discretionary duties as a law enforcement officer when he escorted King from his seat on the Board after King had been removed from the Board by the Ethics Commission for ethical violations.

If a government official was acting within the scope of his discretionary authority, "the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate." McCullough v. Antolini, 559 F.3d 1201, 1205 (11th

Cir. 2009).  To do so, the plaintiff must demonstrate: one, that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the officers, and, two, that it was clearly established at the time of the incident that the actions of the defendant were unconstitutional.  Id.  We need not conduct this qualified immunity analysis in any specific order; rather, we are permitted to exercise our sound discretion in deciding which prong of this inquiry to address first.  Id.  In assessing the clearly-established prong, we ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (quotation omitted).  Thus, in order for a plaintiff to show that a constitutional violation was clearly established, she must show (1) "that a materially similar case has already been decided, giving notice to the police"; (2) "that a broader, clearly established principle should control the novel facts in this situation"; or (3) "this case fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary."  Keating v. City of Miami, 598 F.3d 753, 766 (11th Cir. 2010) (quotation omitted).

Here, King claims that Officer Lumpkin should have read the entirety of House Bill 1302 prior to "escorting plaintiff out of the building and directing him not to return to his seat on the school board until he appealed a removal recommendation by the [Ethics Commission Order]."  However, the Ethics

Commission Order expressly provided that "the Clayton County School System Ethics Commission hereby ORDERS that Michael B. King be, and he hereby is, REMOVED from his seat as the member of the Clayton County Board of Education from District 4, effective immediately."  Further, although House Bill 1302 says that "the accused member shall remain a voting member of the board until [all appeals are exhausted]," House Bill 1302 also gives the commission the power to sanction unethical behavior by "order[ing] the removal of the board member from office."  House Bill 1302 § 4(h), (k).  King cites to nothing that would have given Officer Lumpkin fair warning that enforcing a valid Ethics Commission Order recommending removal -- with or without ascertaining King's appeal status at the time he escorted him out of the meeting -- was a violation of a clearly established constitutional right under the Fourth, Fourteenth, or Fifteenth Amendments.  Indeed, King does not even make any specific legal argument about any due process rights that might have been affected.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed abandoned).[1]  Accordingly, we affirm the district court's conclusion that Officer Lumpkin is entitled to qualified immunity for King's § 1983 claims. [2]

---

[1]    King has also abandoned any challenge to the district court's finding that Officer Lumpkin's actions were reasonable because Officer Lumpkin had probable cause to believe that a valid removal order was being violated.

7

Nor are we convinced by King's argument that the district court erred in dismissing his § 1983 claim against Officer Lumpkin in his official capacity. "A claim asserted against an individual in his or her official capacity is, in reality, a suit against the entity that employs the individual." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1309 (11th Cir. 2009). A government entity is only liable under Section 1983 for the actions of its employees "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005) (quotation omitted).

Here, King's complaint failed to state a claim against Officer Lumpkin in his official capacity because: (1) House Bill 1302 is not an official policy of the City of Jonesboro, but rather is a bill passed by the Georgia legislature; and (2) the

---

[2]     Moreover, all of King's claims based on Section 5 of the VRA -- including whether a three-judge panel was required, whether a declaratory judgment was warranted, and whether an injunction was warranted -- were properly dismissed. This is because, among other things, the United States Supreme Court recently held, in Shelby County, Ala. v. Holder, 133 S. Ct. 2612 (2013), that the preclearance requirements of Section 5 of the VRA cannot be enforced until Congress amends the coverage formula in Section 4 of the VRA. Id. at 2631.

Clayton County Public Schools Ethics Commission Order is not an official policy of the City of Jonesboro.  Id.  Thus, we affirm the district court's dismissal of King's claim against Officer Lumpkin in his official capacity.

We also reject King's claim that the district court should take supplemental jurisdiction of his state law claims.  As we've already determined, the district court properly dismissed all of King's federal claims.  Therefore, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over King's state law claims.

Finally, to the extent King argues that the district court abused its discretion in denying King's request to amend his complaint, we disagree.  Because King is a licensed attorney, he does not have the right to have his pleading liberally construed.  See Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (licensed attorneys proceeding pro se not entitled to have pleadings liberally construed).[3]

**AFFIRMED.**

---

[3]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.